■ In the Matter of ROBERT MIRABILE, Petitioner, v GARDEN CITY PARK FIRE/WATER DISTRICT et al., Respondents. [847 NYS2d 474]—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Commissioners of the

Garden City Park Fire/Water District, dated October 27, 2005, which after a hearing, dismissed the petitioner from membership as a volunteer fireman in the Garden City Park Fire/Water District.

Adjudged that the petition is granted, on the law and as an exercise of discretion, without costs or disbursements, to the extent that so much of the determination as imposed a penalty of dismissal is annulled, the petition is otherwise denied, the determination is otherwise confirmed, the proceeding is otherwise dismissed, and the matter is remitted to the respondents for the imposition of an appropriate penalty less severe than dismissal.

Contrary to the petitioner's contentions, the determination that he was guilty of misconduct is supported by substantial evidence and therefore may not be set aside (see CPLR 7803 [4]; Matter of Lahey v Kelly, 71 NY2d 135 [1987]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179 [1978]). Nevertheless, we conclude that under all of the circumstances, the penalty of dismissal was so disproportionate to the offenses committed as to be shocking to one's sense of fairness (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222 [1974]). Accordingly, we grant the petition to the extent of annulling so much of the determination as imposed a penalty of dismissal, and remit the matter to the respondents for imposition of a less severe penalty.

The petitioner's remaining contentions are without merit or have been rendered academic in light of our determination. Schmidt, J.P., Skelos, Lifson and Balkin, JJ., concur.